BROWN v. CENTRAL WEST COAL CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—DEATH
    OF EMPLOYEE—COMPENSATION—BASIS OF AWARD.
    Where the undisputed testimony showed that, after a work-
    man had served his employer for several years in the ca-
    pacity of a locomotive crane operator, he left its employ
    on June 21, 1916, going out on a strike, and on August 24,
    1916, he re-entered its service in the capacity of a me-
    chanic, under a new contract and at a different wage,
    in which capacity he was serving at the time of his acci-
    dental death, on October 1, 1916, the compensation awarded
    by the industrial accident board under the workmen's com-
    pensation law, was properly based upon his average daily
    wage during the time of his second employment, he not
    having worked in this employment "during substantially
    the whole of the year immediately preceding his injury."
    Act No. 10, Extra Session 1912, part 2, § 11 (2 Comp. Laws
    1915, § 5441).

Certiorari to the Industrial Accident Board. Sub-
mitted January 11, 1918. (Docket No. 52.) Decided
March 27, 1918.

Kate Brown presented her claim for compensation
against the Central West Coal Company for the acci-
dental death of her husband in defendant's employ.
From an order awarding compensation, defendant and
the Fidelity & Casualty Company, insurer, bring cer-
tiorari. Affirmed.

*Guy W. Moore* and *Hal P. Wilson,* for appellants.

*Doyle & Barstow,* for appellee.

The facts in this case are not in dispute. Liability is
admitted. The sole litigated question is the amount of
compensation to be paid. For several years prior to
June 21, 1916, plaintiff's husband, the decedent, was
continuously in the employ of defendant coal company

as a locomotive crane operator. His average weekly wage during this period was $17.59. On that day decedent and other employees of the company went out on a strike. On August 24, 1916, he again entered the service of the company; this time as a mechanic. On October 1st, he met his death from an accident arising out of and in the course of his employment; his average weekly wage for the period from August 24th until his death was $20.14. The board awarded to plaintiff $10 per week for a period of 300 weeks. If the board was correct in computing the compensation on the basis of his average daily wage from August 24th to October 1st, the award should be affirmed, if not, it should be reduced to $8.79 per week. We quote briefly from the testimony of the secretary and treasurer of defendant coal company:

"*Q.* Mr. Gram, how do you denominate the character of service he was given. What name is given to his work?

"*A.* Mr. Brown is what we call a locomotive crane operator. Up to the time of the strike he held that position.

"*Q.* Did he go back to the same position after the strike?

"*A.* He took the position of mechanic at the rate of $90 per month.

"*Q.* And up to that time he was paid by the hour?

"*A.* Yes.    *    *    *

"*Q.* When the men went back did they go back to the same places they left?

"*A.* I didn't say they got the same places; they went back regardless of what they did before."

FELLOWS, J. (*after stating the facts*). The section of the employer's liability act involved in this case is part 2, § 11 (2 Comp. Laws 1915, § 5441). In the case of *Andrejwski* v. *Wolverine Coal Co.*, 182 Mich. 298, this court had this section under consideration. Speaking through Chief Justice MCALVAY, it was there said:

"By section 11 of part 2 of this act the legislature specifically provided the manner in which the average annual earnings of each employee should be determined by making four classifications, under one of which every case to be considered and determined under this statute must fall. Attention will now be given to these classifications, quoting and construing them in the order in which they appear in this section:
\* \* \*

"*Second.* 'If the injured employee has not worked in the employment in which he was working at the time of the accident, whether for the employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he has earned in such employment during the days when so employed'.

"This class is intended to include those cases where an employee who has not worked in the employment in which he was engaged at the time of his injury, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, where his daily wage or salary earned is fixed and known. In such case his average annual earnings will be 300 times such average daily wage or salary earned in such employment during the days when so employed."

In the case of *Robbins* v. *Engine Co.*, 191 Mich. 122, this court, speaking through Mr. Justice OSTRANDER, said:

"A man may change his employment or the capacity in which he follows it. If he has done so at a time substantially less than a year before his injury then the statute fixes 300 times his daily wages as his average annual wages."

When the decedent, a locomotive crane operator, left the employ of the coal company on the occasion of a strike, June 21st, the relations of master and servant, of employer and employee, were at an end. It required a new contract, a new employment, to restore such relations. When he entered the service of the coal com-

pany as a mechanic on August 24th, it was under a new contract, a new employment; in a different capacity, at a different wage. It was in this new capacity, this new employment, that he was working when he met his death. He had not worked in this employment "during substantially the whole of the year immediately preceding his injury." In fact, he had so worked but a short time. It is clear, therefore, that the decedent belonged to the second class mentioned in the *Andrejwski Case,* and that compensation should be computed upon the basis of his average daily wage during the days when he was so employed. It was upon this basis that the award was made by the industrial accident board and such award is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.